**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **MIGUEL DIAZ,** | **Civil Action No. 26-5870 (SDW)** |
| **Plaintiff,** | |
| **v.** | **OPINION** |
| **STATE OF NEW JERSEY DEPARTMENT OF CORRECTIONS,** | |
| **Defendant.** | |

**IT APPEARING THAT:**

1. On or about May 22, 2026, *pro se* Plaintiff Miguel Diaz, a convicted and sentenced state prisoner confined in South Woods State Prison ("SWSP"), filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1). He also seeks the appointment of pro bono counsel ("Motion"). (ECF No. 2).

2. This Court granted Plaintiff's *in forma pauperis* application on May 29, 2026. (ECF No. 3).

3. The Prison Litigation Reform Act requires a district court to *sua sponte* screen a civil complaint filed by a prisoner proceeding *in forma pauperis* for cognizable claims and to dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from suit. 28 U.S.C. § 1915(e)(2).

4. To survive a *sua sponte* screening for failure to state a claim, a complaint must allege "sufficient factual matter" to show that the plaintiff's claims are facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d

303, 308 n.3 (3d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

5. This Court "must accept all facts in the complaint as true, draw all reasonable inferences in the prisoner's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim." *Durham v. Kelley*, 82 F.4th 217, 223 (3d Cir. 2023). Moreover, "[c]omplaints filed pro se should be construed liberally and held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). However, "*pro se* litigants must still allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

6. Plaintiff seeks relief from the New Jersey Department of Corrections ("NJDOC") for allegedly unconstitutional conditions of confinement at SWSP. He includes generalized allegations of poor conditions, understaffing, inadequate food, repeated lockdowns, interference with religious practice, proliferation of drugs in the prison, etc. (ECF No. 1 at 7-9; ECF No. 1-1 at 4-6).

7. Rule 8 "requires more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Conclusory allegations untethered to specific facts fall short of that standard. Plaintiff has not met this standard, nor has he "provide[d] any specific information about how *his own* rights were violated, as opposed to general allegations of restrictive conditions of confinement imposed on detainees in general." *Cabbagestalk v. United States*, No. 21-cv-4902, 2021 WL 2260517, at *1 (D.N.J. June 3, 2021) (emphasis in original).

2

8. Moreover, Plaintiff has not named a defendant that may be sued in federal court. "The Eleventh Amendment 'is a jurisdictional bar which deprives federal courts of subject matter jurisdiction' over actions against a State." *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 280 (D.N.J. 2013) (citing *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n.2 (3d Cir. 1996)); *see also* U.S. CONST. amend. XI. "The Eleventh Amendment immunizes state agencies from suit in federal court." *Georges v. Godby*, No. 24-1884, 2025 WL 892557, at *2 (3d Cir. Mar. 24, 2025).

9. Congress did not expressly abrogate sovereign immunity when it passed § 1983, *see Will*, 491 U.S. at 66, and there is no indication that New Jersey has consented to be sued. Therefore, Plaintiff cannot sue the NJDOC in federal court. To proceed, Plaintiff must name defendants who "have personal involvement in the alleged wrongs" and include specific information about how each defendant was personally involved in the alleged violations. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

10. Generally, "plaintiffs who file complaints subject to dismissal under [§ 1915] should receive leave to amend unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Because Plaintiff may be able to allege facts that would cure the deficiencies identified above, this Court will grant Plaintiff 45 days to submit a proposed amended complaint.

11. The proposed amended complaint will be subject to this Court's § 1915 review prior to service, and failure to submit a proposed amended complaint within 45 days shall result in dismissal with prejudice.

12. Plaintiff should note that the proposed amended complaint will supersede the Complaint. When the proposed amended complaint is filed, the Complaint is inoperative and cannot be utilized to cure the proposed amended complaint's defects unless the relevant portion is

3

specifically incorporated.  6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted).

13.     The proposed amended complaint may adopt some or all the allegations, but the identification of the particular allegations to be adopted must be clear and explicit.  *Id.*  To avoid confusion, the safer course is to file a proposed amended complaint that is complete in and of itself.  *Id.*

14.     This Court will deny the Motion without prejudice.  Plaintiff may file a new request for pro bono counsel with his proposed amended complaint.

15.     An appropriate order follows.

Hon. Susan D. Wigenton,
United States District Judge
Dated: July 7, 2026

4